By the Court—Pierrepont, J.
Appeal from a judgment entered upon the verdict of a jury.
The action was brought to recover the value of a horse alleged to have been killed by the defendants’ negligence while in transit on their railroad. The jury were properly instructed, that if the horse was killed by injuries received on the defendants’ road, the Company were liable, and that the measure of damage would be the value of the horse at Panama. Under these instructions the jury found a verdict for the plaintiff of $5,000. We are satisfied that the amount of the verdict was not warranted by the evidence.
This horse was purchased in the State of Indiana for $700, and was soon after shipped for California, and died on the way. He was put on board the steamer George Law, bound for Aspinwall, on the 4th or 5th of April, 1855, and was soon after found to be out of condition. When he reached Aspinwall, in the course of that month, he was sickly, and so weak as to be scarcely able to walk without aid. From the evidence there is much reason to suspect that the horse died of disease not caused by the alleged injury.
It is quite clear that the evidence, under the law as charged by the Judge, did not warrant a verdict of $5,000. The jury were instructed that if no such horse had been bought or sold in Panama, “ in determining his fair actual value at that place they might take into consideration evidence of his actual value at San Francisco, if the evidence satisfied them that he had a certain market value there; but that they must take into consideration the risks and hazards of transportation and the expenses of transportation from Panama to San Francisco.”
According to the testimony of Weed, Nelson and Keyser, witnesses for the defendants, the value of the horse at Panama could not have been over $900. One of the plaintiff’s witnesses *314 says that if the horse had been sound and well, his value in San Francisco would have been $5,000.
The other of the plaintiff’s witnesses says, if sound and well he would have been worth in San Francisco $3,000 and upwards. Austin, the only other witness examined on the part of the plaintiff as to value, was asked the following questions:
“ Q. What was the highest price—being the fair market price —which you have ever known to be paid for a horse in- San Francisco ?”
■ Question objected to by counsel for defendants, because it is not an inquiry of the market value of a witness knowing.it at the time. The objection was overruled; to which ruling the defendants’ counsel then duly excepted.
“ A. I think it was $9,000.”
It was a trotting horse. The injured horse was a running horse.
“ Q. What was the market value of the injured horse in San Francisco ?”
“ A. I would not know the market value in San Francisco.”
This question was pressed against the defendants’ objection, for the obvious purpose of increasing the verdict.
The witness says that he did not know the value of this horse at San Francisco. The only legitimate inquiry was his value at Panama, or his value at San Francisco in order to ascertain his valúe at Panama at the date of the alleged accident; the witness having no knowledge of the value of such a horse as this at San Francisco, states to the jury the highest price that he has ever known to be paid for a horse in San Francisco, which he thinks was $9,000.
This evidence would naturally tend to swell the verdict, and we think it clearly irrelevant to the issue. But the question before us is, whether there is any error of law raised by the exception.
If no objection is made to an improper question, admission of the answer is not error.
If objection is interposed on some specific ground alone, and the question is not objectionable on that ground, it is not error to overrule the objection.
*315 For example, in the progress of a trial a copy of a paper is offered in evidence after due proof of loss of the original. It is objected to on the specific ground that it is a copy, and the objection is overruled, and the copy is read to the jury. When the case comes up for review on the exception it appears that the paper itself, whether original or copy, is wholly irrelevant; yet such exception could not be sustained. The attention of the Court being called to' one specific objection which is not well taken it is not error to overrule it. So in the present case the question was objectionable. But the objection being placed upon one specific ground alone, which alleged ground had no sufficient foundation, it was not error to overrule it.
But in our opinion the verdict is larger than the evidence warrants in any legal view of the case, and for that reason a new trial must be .granted, the defendants to pay the costs of the last trial; all other costs to abide the event.